PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $24,900.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant. | 2:21-MC-00264-MCE-AC<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On May 25, 2021, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $24,900.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

　　　　2.　　USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about August 4, 2021, USPIS received a claim from Christopher Fluke ("Fluke" or "claimant") asserting an ownership interest in the defendant currency.

　　　　3.　　The United States represents that it could show at a forfeiture trial that on May 25, 2021, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a

parcel that bore markers consistent with parcels used for shipping contraband. The Priority Mail Express parcel #EJ 536970646 US was addressed to Christopher James ("Fluke") at 10610 Red Dog Road, Nevada City, CA 95959, with the following return address: TCRI LLC ("TCRI") at PO Box 663, Wendover, UT 84083.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that May 25, 2021, law enforcement used a law enforcement database to search sender name and address that appeared on the Priority Mail Express label # EJ 536970646 US. Inspectors were unable to find TCRI associated with the sending address. Law enforcement searched the PO Box directory information and determined that Tahoe Cosmic Research Institute had applied for the box with a listed name of Christopher Fluke and an address of 96 Skyhawk, Wendover, UT 84083. On May 25, 2021, law enforcement obtained consent to open Priority Mail Express parcel # EJ 536970646 US. Inside the parcel was packaging peanuts and multiple bundles of vacuum sealed US currency. The cash totaled $24,900 in US Currency. A later bank count of the cash seized from Fluke totaled $24,900.00—the defendant currency. The currency consisted mainly of $20 bills, making up $4,900.00 of the $ 24,900.00 found. Additionally, the parcel did not contain any notes, instructions, or receipts.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Fluke acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $12,450.00 of the Approximately $24,900.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,450.00 of the Approximately $24,900.00 in U.S. Currency shall be returned to claimant Christopher Fluke through his attorney Carolyn Hagin Emison.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

///

///

///

3

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

8. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: June 7, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE